FOR THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-00187-WJM-MEH

MONICA BURKHART,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE GROUP,

    Defendant.

**AMENDED STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

THE PARTIES STIPULATE TO THE FOLLOWING AMENDED PROTECTIVE ORDER:

    The parties stipulate that this Order shall apply to the Plaintiff's medical records, education records, employment records, social security records, workers' compensation records and tax records that may be produced from the date of this order forward or which were previously produced in this matter that are private, confidential, and/or privileged, and that are disclosed by the Plaintiff for purposes of this litigation, to the Defendant and Defendant's attorneys and staff, expert witnesses, insurance representatives, and others, such as mediators and arbitrators. The parties further stipulate that this order shall apply to documents identified in Defendant's responses to Plaintiffs' written discovery requests and to any depositions taken of Defendant's employees or representatives in which these documents and information are discussed. Defendant agrees that the documents may be used in this litigation but assert that they

contain proprietary, confidential, competitively sensitive and/or trade secret information. The parties stipulate to the following:

1. The designated records and information shall remain confidential. The parties and all persons or entities obtaining this information through the parties may use the records and the information contained therein only to prepare and present the case in this litigation or for settlement evaluation purposes in this litigation, and for no other purpose. These individuals and entities shall maintain the records and documents in a secure manner that complies with applicable privacy laws and regulations, and shall not disclose or release any medical records or information to any other entity, person, claims bureau or data base (excepting circumstances in compliance with Colorado and federal law), to the extent such information has not already been released prior to the execution of this order or the original order, during the pendency of this litigation, or any other time, except as consistent with this or other Court Orders or upon request by an authorized party in possession of an authorized release for the information.

2. For this purpose, the term "medical records" shall include all records from a provider dealing with medical, dental, psychiatric, psychological, mental health, sexual history, or substance abuse issues in which the Plaintiff has a reasonable expectation of privacy.

3. It is further ordered that all such materials including copies shall be maintained in a secure manner and destroyed as follows:

    a. By counsel, following a seven-year retention period in accordance with Rules of Professional Conduct, 1:15(a), or such other period as a Court may order;

b. Records and documents retained by the Counsel and their representatives shall be destroyed within one year of the earliest date allowed by American Family's procedures, hold orders issued by a Court and statutory requirements;

c. While the records and documents are maintained by counsel and their representatives, they shall not be disclosed except as authorized in this Order, by Colorado law or Court Order, insurance department regulations or statutory requirements;

d. Any other individual, including experts to whom the records are disclosed, shall maintain the records as confidential and shall not disclose the records except as authorized by this Order, or as authorized under Colorado law; and

e. Any expert witness who receives possession of the confidential and/or privileged records or documents shall sign an acknowledgement they have received a copy of this Order and agree to abide by its terms.

4. The records and information may be utilized by counsel and its representatives to evaluate the claims and defenses in this litigation only. For these purposes, the records and information may be disclosed without the counsel's prior authorization or approval to the following third parties:

    a. Attorneys actively working on or supervising work on this case, including their employees and associates;

    b. Expert consultants retained in connection with this litigation;

    c. Mediators and other alternative dispute professionals for purposes of mediation;

    d. The Court and its employees;

    e. Stenographic reporters;

f.  Deponents and witnesses; and

   g.  Other persons by written agreement of the parties.

5. Whenever a deposition involves the disclosure of confidential and/or privileged information, the deposition or portions thereof shall be designated as confidential and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript.

6. A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting the Court determine whether the disputed information should be subject to the terms of this Order. If such motion is timely filed, the disputed information shall be treated as confidential under the terms of this Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

7. That no copies, duplications or reproductions of the documents may be part of the public record of this case, whether in evidence or otherwise, although this Order does not prohibit use of the documents as evidence in the trial of this case. If any document, material or other information designated herein is used in testimony, discovery responses, or evidence, or is quoted in any brief, deposition, transcript or other paper filed in this case, such materials and papers shall be tendered to the court for filing under seal and if sealed, sealing shall continue so as to prevent disclosure at the conclusion of the trial and any discovery response and deposition will be deemed confidential and will be covered under this Protective Order;

8. Any motion to file confidential documents, materials, and/or information under seal shall comply with D.C.COLO.L.CivR. 7.2 and 7.3.

9. Within 30 days of the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as confidential shall be returned to the counsel for the party that designated it as confidential, or the parties may elect to destroy confidential documents. Each party's counsel and their insurers shall be permitted to keep work product that may contain or reference confidential documents. However, such copies and any electronically stored copies of the documents which cannot be readily destroyed shall be kept in a confidential manner and the confidential documents shall retain their confidential status until it is destroyed as part of the regular file retention and destruction process.

10. By agreeing to the entry of this Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

11. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Nothing in this Order shall prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic medical information and records as authorized or as reasonably required by federal or state law or regulation, or court order or rule.

Dated at Denver, Colorado this 3rd day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED AS TO FORM:

| ATTORNEY FOR DEFENDANT: | ATTORNEY FOR THE PLAINTIFF: |
|---|---|
| AMERICAN FAMILY MUT. INS. GROUP | MONICA BURKHART |

*s/ Robyn Averbach*  *s/Kenneth Shakeshaft*
_____  _____
Robyn Averbach, Esq.  Kenneth J. Shakeshaft, Esq.
Colin Campbell, Esq.
CAMPBELL, LATIOLAIS & AVERBACH, LLC  SHAKESHAFT LAW FIRM
825 Logan Street  1935 Jamboree Drive, Suite 202
Denver, CO 80203  Colorado Springs, CO 80920
Telephone: (303) 831-5990  Telephone: (719) 635-5886
Fax: (303) 832-7144  Fax: (719) 635-0966
raverbach@cla-law.net  office@shakeshaftlawfirm.com
ccampbell@cla-law.net